(26 Misc. Rep. 254.)

THOMPSON et al. v. CONTINENTAL TRUST CO. et al.

(Supreme Court, Special Term, New York County.   February, 1899.)

ATTACHMENT—ACTION IN AID.

T. brought action against C., and obtained an attachment on the ground of C.'s nonresidence, under which the sheriff made a levy on bonds in possession of a trust company, which it had received from a bank, under directions to hold the proceeds of sale then negotiated, subject to the bank's order.   Held, in an action by T. and the sheriff in aid of the levy, that, prior to judgment determining plaintiffs' right to possession of the property, neither could possession be ordered to be given to the sheriff, nor injunction be awarded compelling the trust company to retain possession pending the litigation, the only alleged ground therefor being a danger that the bonds may be withdrawn from the jurisdiction of the court, and any judgment being made valueless, C. having no other property in the state.

Action by Colin M. Thompson and another against the Continental Trust Company and others.   Plaintiffs move for an order.   Denied.

Van Schaick & Norton, for plaintiffs.

Robert W. Candler, for defendant Continental Trust Co.

RUSSELL, J.   The plaintiffs seek an order to deliver certain bonds to the plaintiff sheriff, or to enjoin the defendant trust company from disposing of the same pending this litigation.   The plaintiff Thompson brought an action against the defendant construction company to recover upon an unliquidated claim for services to the amount of $24,500, and procured an attachment on the ground of nonresidence of the defendant construction company.   Under that attachment the sheriff took certain steps to levy upon $490,000 of bonds of the Duluth, Red Wing & Southern Railroad Company, in possession of the trust company in New York, and alleged to be the property of the defendant construction company.   The trust company declined to give any certificate to the sheriff, but does not deny the fact of possession of the bonds.   Those bonds were received by the trust company from the First National Bank of Red Wing, Minn., under instructions to hold the proceeds of sale then negotiated subject to the order of the bank.   Those proceeds would amount to the sum of $335,000, including in the purchase certain stock of the railroad company of presumably far inferior value to the bonds, as the bonds themselves, with the stock thrown in, sell far below par.   Thus, the levy arrests the completion of the sale for a consideration a dozen times greater than

the amount in controversy between the plaintiff Thompson and the construction company.

The present action was brought by the creditor and the sheriff in aid of the levy, and prays as the result of a trial a judgment for the delivery of the bonds to the sheriff, to be held on the attachment, and eventually applied to the payment of any judgment Thompson may obtain. It is not proper, in this secondary action, to turn over property to the sheriff as though it were an action of replevin, prior to a judgment determining the rights of the plaintiffs to its possession. The only remedy which possibly could be granted upon interlocutory motion would be an injunction compelling the trust company to retain possession until judgment ascertains the rights of the parties. An interlocutory injunction should not be lightly awarded, and most careful and substantial reasons should be given for one where the effect is to deprive the owner of property of the power of sale, or of concluding a profitable bargain, simply to await the event of an action which may be eventually determined against the claim of the creditor. Care must also be taken to prevent the stress of an injunction from compelling payment or settlement of a claim which would be contested on the merits if no injunction were issued. In the present case the plaintiffs do not pray for permanent relief by way of injunction, and the only ground upon which they may ask for one pending the litigation is that the defendant is doing, procuring, or suffering, or threatens, or is about to do, or suffer, or procure, some act in violation of the plaintiffs' rights, tending to render the judgment ineffectual. Code Civ. Proc. § 604. It is not charged that the trust company is doing or about to do any act tending to render the judgment ineffectual. The only ground for asking an injunction against the trust company contained in the moving papers is the alleged danger that, unless the bonds be kept within the jurisdiction of the court, they may be withdrawn, and a judgment so be made valueless, as the construction company has no other property within the state. There is no fact charged, however, which justifies any inference that the trust company proposed to violate any legal rights of the plaintiffs, and therefore it should not be enjoined from doing that which there is no evidence of the slightest intention to do.

Again, why would the disposition of these bonds by the trust company render the judgment ineffectual? If the attachment in the first action was properly levied, no action of the trust company can defeat the right which that levy carries to its legitimate conclusion. And if this action in aid of the levy favorably terminates for the plaintiff, and the judgment goes against the trust company for the delivery of the bonds to the sheriff, noncompliance of the trust company would result only, so far as the court can now perceive, in full compensation to the plaintiffs for the injury sustained in consequence of an act infringing upon the rights of the plaintiffs. There is no question as to the ability of the trust company to respond. And if, on the other hand, the levy were held to be invalid, in that the property did not belong to the construction company, or, for any other sufficient cause, this action should eventually result in favor of the defendants, the pendency of the interlocutory injunction, with the possible detriment

it might bring to the defendants, would be shown to have been issued without any justifiable foundation, and so intensify the impropriety of granting it on slight and insufficient grounds.

Motion denied, with costs.